# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0864-22

IN THE MATTER OF PETITION
TO FORFEIT FIREARMS,
CLAIMANT FRANK W.
FARRELL, JR.

_____

Submitted October 31, 2023 – Decided December 20, 2023

Before Judges Whipple and Paganelli.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FO-01-0124-22.

William E. Reynolds, Atlantic County Prosecutor, attorney for appellant, State of New Jersey (James H. Lee, Assistant Prosecutor, of counsel and on the brief).

Respondent Frank W. Farrell, Jr. has not filed a brief.

PER CURIAM

In this one-sided appeal the State seeks review of the judge's November 15, 2022 order memorializing his January 10, 2022 denial of the State's request for Frank M. Farrell, Jr. to forfeit firearms and for an in-camera review of Farrell's records and the trial court's denial of reconsideration of the January

order on October 18, 2022. Because we conclude the judge erred by relying on the wrong statute for timeliness and too narrowly interpreting the legislative framework, we vacate the orders and remand the matter for proceedings consistent with this opinion.

I.

We glean the facts and procedural history from the motion record. On August 9, 2001, Farrell's wife obtained a temporary restraining order pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. In her complaint, she alleged:

> Defendant was emotionally abusive calling plaintiff a whore and other derogatory names and stating plaintiff is using sex to get attention, also telling plaintiff is unwanted by others. This emotional abuse occurred throughout the weekend of August 5-9, 2021. Defendant also admitted to plaintiff of doing negative things in the past, such as stealing medications.
>
> 8/5/21 While the plaintiff was intoxicated the defendant sexually assaulted her. Plaintiff does not recall the incident but once sober plaintiff questioned the defendant as to what happened and defendant admitted to taking advantage of the situation having sex with the plaintiff.
>
> August 14-15, 2021 - As plaintiff was trying to get away from ongoing situation, the defendant gained access to plaintiff's information to discover where the plaintiff was temporarily staying. Pla[intiff] went into

2

a detox from 8/9-8/17/21 and then made arrangements to stay in a hotel after.

Defendant has sent plaintiff many threatening text messages since November 2020 up until recent weeks. Defendant has made threats to harm the plaintiff and other people close to plaintiff including plaintiff's boyfriend. Defendant said he would beat the s[**]t out of the plaintiff's boyfriend.

Further, Farrell's wife alleged a prior history of domestic violence that included:

March 2021 – defendant used an Ipad as [a] tracking device and put [it] in plaintiff['s] vehicle. Defendant would then show up to places where plaintiff was located.

Defendant was reading the plaintiff's therapeutic journals and using information negatively against plaintiff, by bringing it up during moments of issues between [the] parties and try[ing] to manipulate plaintiff.

December 2020 – Defendant accessed plaintiff's personal bank account and took money.

April 2021 – Defendant stole plaintiff['s] personal [e]ffects such as underwear and admitted to urinating on them.

Included within the TRO was a "warrant to search for and to seize weapons for safekeeping." The warrant pertained to "any and all firearms belonging to" Farrell. On August 8, 2021, Farrell was served with the TRO and the following firearms/weapons were seized:

3

> One (1) Remington Model 7600 rifle . . .;
> One (1) Stevens Model 77F shotgun . . .;
> One (1) Mossberg Model 500AG . . .;
> One (1) Lee Enfield Model Mark III rifle . . .; and
> One (1) unknown make and model double barrel style
> shotgun.

On September 28, 2021, Farrell's wife dismissed her TRO by agreement.[1]

On October 22, 2021, the State filed a "[p]etition [t]o [f]orfeit [w]eapons [p]urstant [t]o N.J.S.[A]. 2C:25-17 . . . N.J.S.[A]. 2C:25-21(d)(3), N.J.S.[A]. 2C:58-3(c), and N.J.S.[A]. 2C:58-3[(f)]."

On December 30, 2021, the State emailed the court and stated:

> [its] position is that complete record review of all named physicians and any/all Schedule I-V drugs prescribed to [Farrell] are necessary in order to determine whether claimant is a drug dependent person pursuant to 2C:58-3(c)(2), whether claimant suffers from physical defect or disease which would make it unsafe for him to handle firearms pursuant to 2C:58-3(c)(3), and/or whether claimant is a habitual drunkard which return of firearm would not be in the interest of the public health, safety or welfare under 2C:58-3(c)(5).

---

[1] The order of dismissal states that an "agreement was placed under FM-01-659-21." "The FM docket consists of complaints for dissolution matters including: divorce, dissolution of a domestic partnership, civil union dissolution, and palimony, as well as related relief in cases where a dissolution complaint has been filed." B.C. v. N.J. Div. of Child Prot. & Perm., 450 N.J. Super. 197, 207 n.8 (App. Div. 2017) (citing N.J. Div. of Youth & Family Servs. v. I.S., 214 N.J. 8, 22 n.3 (2013)).

A-0864-22

> Notably, the State was not aware of claimant's alcohol problems, including past commitments, until yesterday. After review of medical and prescription records, the State may need to amend the petition to move under 2C:58-3(c)(3) as well. . . . [t]he State needs more evidence[] to determine whether the State can return firearms to claimant without breaking the law, namely 2C:58-3(c).
>
> Therefore, the State requests this [c]ourt conduct an in camera review of [c]laimant's medical records, including prescription and psychological records.

On January 10, 2022, the judge heard the parties' arguments. In an oral opinion, the judge denied the State's request for forfeiture and an in-camera review. The judge found that the return of the weapons was warranted because: (1) there was no finding of domestic violence; (2) the temporary restraining order was dismissed by an agreement; (3) there was no criminal complaint or formal charge; (4) there was no current or present domestic violence situation; (5) the State's concerns regarding Farrell were based on "conjecture"; there was no evidence to indicate Farrell had issues and the State is "technically seeking an opportunity to gather information"; (6) the situation did not warrant an in-camera review; and (7) the State's petition was untimely.

On January 14, 2022, the judge stayed the January 10, 2022 order "so that the State's motion for [r]econsideration and opposing parties' briefs may be adequately reviewed."

5

On October 18, 2022, the judge heard the parties' arguments on the State's motion for reconsideration of the January 10, 2022 order. The judge denied reconsideration in an oral opinion. The judge described the State's application as one for in-camera review of medical records, related to alleged substance abuse and mental health issues, that could potentially support an application for Farrell to forfeit his weapons. The judge determined that the State had not met its burden to establish reconsideration. Further, he found the State's application to investigate was inappropriate, and the State had no "ability to seek forfeiture" or in-camera review.

On November 15, 2022, the judge entered an order memorializing his denial of the State's original petition, January 10, 2022, and his denial of the State's motion for reconsideration, October 18, 2022. The judge's order required that "Farrell's firearms shall be returned within [seven] days of entry of th[e] order."

II.

We review questions of law de novo. Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019). A judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special

A-0864-22

deference." Ibid. (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

This appeal involves the State's responsibility and authority under the statutes that govern the right to possess firearms. Here, the State's roles are implicated under the PDVA, which involves "a law enforcement officer's authority to seize weapons," and the State's role in the return of those weapons, N.J.S.A. 2C:25-21, and N.J.S.A. 2C:58-3, the statute that regulates the "permit to purchase a handgun" and the issuance of a "firearms purchaser identification card."[2] The statutes are separate but interrelated. Indeed, the PDVA provides that the domestic violence court shall consider the "disabilities set forth in . . . N.J.S.A. 2C:58-3(c)" before "the return of . . . firearms." N.J.S.A. 2C:25-21(d)(3).

## A.

Under the PDVA, when a law enforcement officer "has probable cause to believe that an act of domestic violence has been committed" and has

---

[2] "N.J.S.A. 2C:58-3(a) refers to permits to purchase a handgun, which expire after ninety days. N.J.S.A. 2C:58-3(a) and (f). A new permit must be obtained for each handgun purchase. See N.J.S.A. 2C:58-3(f). N.J.S.A. 2C:58-3(b) refers to firearms purchaser identification cards which are lasting and which must be obtained to 'acquire an antique cannon or a rifle or shotgun.'" See In re Forfeiture of Pers. Weapons and Firearms Identification Card Belonging to F.M., 225 N.J. 487, 491 n.2 (2016).

A-0864-22

"observ[ed] or learn[ed] that a weapon is present on the premises," he or she shall "seize[] any firearm . . . any firearm purchaser identification card, or permit to purchase a handgun issued to the person accused of the act of domestic violence." N.J.S.A. 2C:25-21(d)(1). "Weapons seized . . . shall be returned to the owner except upon order of the Superior Court." N.J.S.A. 2C:25-21(d)(3). The prosecutor may petition a judge

> within [forty-five] days of seizure, to obtain title to the seized weapons, or to revoke any and all permits, licenses and other authorizations for the use, possession, or ownership of such weapons pursuant to the law governing such use, possession, or ownership, . . . .
>
> [Ibid.]

"If the prosecutor does not institute an action within [forty-five] days of seizure, the seized weapons shall be returned to the owner." Ibid.

Also, a prosecutor

> may object to the return of the weapons on such grounds as are provided for the initial rejection or later revocation of the authorizations, or on the grounds that the owner is unfit or that the owner poses a threat to the public in general or a person or persons in particular.
>
> [Ibid.]

Following a hearing

A-0864-22

the court shall order the return of the firearms, weapons and any authorization papers relating to the seized weapons to the owner <u>if the court determines the owner is not subject to any of the disabilities set forth in [N.J.S.A. 2C:58-3(c)]</u> and finds that the complaint has been dismissed at the request of the complainant and the prosecutor determines that there is insufficient probable cause to indict; . . . or if the court determines that the domestic violence situation no longer exists.

[<u>Ibid.</u> (emphasis added).]

Therefore, the judge must begin their analysis for the "return of the firearms, weapons and any authorization papers" with consideration of the "disabilities set forth in" N.J.S.A. 2C:58-3(c). "[E]ven if a domestic violence complaint is dismissed and the conditions abate, forfeiture may be ordered if the defendant is subject to any of the disabilities in N.J.S.A. 2C:58-3(c) . . . ." <u>In re F.M.</u>, 225 N.J. at 510-11.

B.

Under N.J.S.A. 2C:58-3(f) "[t]he application for the permit to purchase a handgun[;] . . . the application for the firearms purchaser identification card[;]" and the application to renew the firearms purchaser identification card all include an investigation of the applicant. Included within the investigation is a determination whether an applicant is subject to one or more of the disabilities listed in N.J.S.A. 2C:58-3(c). Even

9

an applicant for a handgun purchase permit who possesses a valid firearms purchaser identification card, or who has previously obtained a handgun purchase permit from the same licensing authority [is subject to an] investigat[ion] . . . to determine whether or not the applicant has become subject to any of the disabilities set forth in this chapter.

[N.J.S.A. 2C:58-3(e).]

The State's authority to investigate permeates the entire statutory framework because "[a] handgun purchase permit or firearms purchaser identification card shall not be issued" to any person that is subject to a disability defined in the statute. N.J.S.A. 2C:58-3(c).

We conclude the authority to investigate includes those situations where the State has petitioned the court, with reasonable evidence that "[a] firearms purchaser identification card [holder has become] subject to any of the disabilities set forth in [N.J.S.A. 2C:58-3(c)] . . . ." See N.J.S.A. 2C:58-3(f). To hold otherwise would render the State helpless in the face of reasonable evidence that may warrant further investigation that a weapon owner may be subject to a disability.

C.

Here, the judge found that the State's petition and investigation, seeking an in-camera review of Farrell's records, were untimely and improper intrusions on Farrell's rights. We disagree.

First, the judge erred in finding that the State's petition was untimely under N.J.S.A. 2C:25-21(d)(3). That statute does require the State to "institute an action within [forty-five days] of seizure" and "if the [State] does not . . ., the seized weapons shall be returned to the owner." N.J.S.A. 2C:25-21(d)(3). Admittedly, the State filed four days after the deadline. However, the judge's reliance on N.J.S.A. 2C:25-21(d)(3) was misplaced, because the State sought forfeiture under N.J.S.A. 2C:58-3(f), which allows a filing at "any time."

Second, the judge erred in denying an investigation, the in-camera review of Farrell's records. We conclude the State's petition was supported by reasonable evidence that sustained its legitimate concern that Farrell had become "subject to . . . the disabilities set forth in" N.J.S.A. 2C:58-3(c). The power to investigate includes situations where the State has lawfully seized weapons and is provided with a certified statement that a weapon's owner may have a statutory disability under N.J.S.A. 2C:58-3(c). Here Farrell's wife certified that he: was emotionally abusive; was stealing medications; sexually assaulted her; sent her many threatening text messages; and made threats to harm

11

her and other people close to her including her boyfriend. The behaviors may implicate the statutory disabilities and require investigation.

We understand the trial court's legitimate concern with allowing the State to conduct "fishing expeditions" into people's lives. However, that situation does not exist here. Instead, there is a basis to investigate because the certified statements from Farrell's wife may implicate the statutory disabilities. Therefore, under these circumstances, an in-camera review of Farrell's records and, perhaps, further investigation is warranted. The judge erred by too narrowly interpreting the statutory framework and in denying the State's request.

We emphasize the limited reach of our opinion. We do not order forfeiture. Forfeiture requires notice and a hearing. N.J.S.A. 2C:58-3(f). Instead, we vacate the judge's orders and allow for an investigation, including the requested in-camera review of Farrell's records. Thereafter, if necessary, a meaningful hearing may take place.

To the extent we have not addressed the State's other arguments we deem them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0864-22